# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

THOMAS ETIENNE ROTHSCHILD,

      Plaintiff,

v.                                       No. 1:22-cv-00202-KK

JOSE ANTONIO CORTEZ,

      Defendant.

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
### AND ORDER FOR AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 18, 2022, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed March 18, 2022.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I.*

*DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's total monthly income is $1,684.00; (ii) Plaintiff's monthly expenses total $1,684.00; and (iii) Plaintiff has $25.00 in cash and $25.00 in a bank account.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings and because his monthly expenses equal his monthly income.

**The Complaint**

Plaintiff entered into a lease to live in Defendant's home with Defendant beginning on January 1, 2022.  *See* Complaint at 2.  Plaintiff paid the first and last month's rent on January 12, 2022.  *See* Complaint at 2.  Defendant allegedly agreed to wait for rent payments until Plaintiff received his Social Security deposit but later demanded Plaintiff pay rent and utilities before the February due date.  *See* Complaint at 2-3.  Defendant called the police and began harassing Plaintiff in an attempt to force Plaintiff to move out of Defendant's home.  *See* Complaint at 3-4.

**Sections 1343(a)(3) and 1983**

Plaintiff asserts three causes of action against Defendant pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983: (i) violation of federal Fair Housing regulations; (ii) elder abuse; and (iii) theft of mail.

Section 1342(a)(3) provides jurisdiction and Section 1983 provides a remedy for the deprivation of rights secured by federal law by any person acting under color of state law:

> **(a)** The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
> ...
> **(3)** To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

28 U.S.C. § 1343(a)(3);

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

## Count I – Violation of Fair Housing Regulations

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 violation of federal Fair Housing regulations because Defendant was not acting under color of state law.  *See* Complaint at 2 (stating "The defendant was not acting in the color of state law").

> "Section 1983 was enacted 'to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.'" *Haines v. Fisher,* 82 F.3d 1503, 1508 (10th Cir.1996) (quoting *Wyatt v. Cole,* 504 U.S. 158, 161, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992)). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (quoting *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (internal punctuation omitted).) However, "the fact that a tort was committed by an individual employed by the state does not, *ipso facto,* warrant attributing all of the employee's actions to the state." *Jojola v. Chavez,* 55 F.3d 488, 493 (10th Cir.1995) (internal quotation marks omitted). Rather, "before conduct may be fairly attributed to the state because it constitutes action 'under color of state law,' there must be 'a real nexus' between the employee's use or misuse of their authority as a public employee, and the

violation allegedly committed by the defendant." *Id.* (quoting *D.T. ex rel. M.T.,* 894 F.2d at 1188).

*Schaffer v. Salt Lak City Corp.* 814 F.3d 1151, 1156 (10th Cir. 2016). Although the Complaint alleges Defendant "is employed as a police officer in law enforcement," there are no allegations that Defendant used or misused his authority as a police officer to force Plaintiff out of Defendant's home. Complaint at 1.

Furthermore, the allegations in the Complaint do not show that Defendant deprived Plaintiff of a right secured by federal law. Plaintiff cites 24 C.F.R. §§ 100.300 – 100.308 which "effectuate the exemption in the Fair Housing Amendments Act of 1988 that relates to housing for older persons." 24 C.F.R. § 100.300; 24 C.F.R. § 100.10(b) ("Nothing in this part regarding discrimination based on familial status applies with respect to housing for older persons ..."). "The provisions regarding familial status in this part do not apply to:" (i) "housing provided under any Federal or State program ... specifically designed and operated to assist elderly persons;" (ii) "housing intended for, and solely occupied by, persons 62 years of age or older;" and (iii) "housing intended and operated for persons 55 years of age or older." 24 C.F.R. §§ 100.300 – 100.304. There are no factual allegations that Defendant provided housing to Plaintiff under a federal or state program, that the housing was intended for and solely occupied by persons 62 year of age or older, or that the housing was intended and operated for persons 55 years of age or older. Plaintiff cites the regulations but does not explain how Defendant violated the regulations. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

4

**Count II – Elder Abuse**

Plaintiff asserts a claim of elder abuse and quotes two definitions from the State of Delaware's statutes regarding adult protective services.  *See* Complaint at 7 (quoting definitions of "Exploitation" and "Financial exploitation" from 31 Del.C. § 3902).

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 for elder abuse because it states Defendant was not acting under color of state law and it does not allege the deprivation of a right secured by federal law.

**Count III – Mail Theft**

Plaintiff alleges that Defendant destroyed his mail thereby violating 18 U.S.C. § 1708, Theft or receipt of stolen mail matter generally.  The Complaint fails to state a claim upon which relief can be granted for mail theft because 18 U.S.C. § 1708 is a criminal statute. "[C]riminal statutes do not provide for private civil causes of action."  *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003).

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").  While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

**Service on Defendant**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service at this time because the Complaint fails to state a claim upon which relief can be granted.  The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) a motion for service which includes the address of each Defendant.

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed March 18, 2022, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**